UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JADRANKA BEGONJA,

                              Plaintiff,

                  -against-

VORNADO REALTY TRUST, BROADWAY
280 PARK FEE LLC, BUILDING MAINTENANCE
SERVICE LLC, and KRESHNIK RAMA,

                             Defendants.
-----------------------------------------------------------------X

Case No. 15-cv-4665

**COMPLAINT**

**JURY TRIAL DEMAND**

      Plaintiff Jadranka Begonja ("Plaintiff"), by and through her attorneys, Ballon Stoll Bader & Nadler, P.C., complaining of Vornado Realty Trust ("Vornado"), Broadway 280 Park Fee LLC ("280 Park"), Building Maintenance Service LLC ("BMS") (collectively "Corporate Defendants"), and Kreshnik Rama (collectively "Defendants" with Corporate Defendants), alleges with personal knowledge, unless where information and belief is stated, the following:

      1.     This action is brought to remedy Defendants' intentional, unlawful discrimination against, harassment of, and retaliation against Plaintiff, and their indefinite suspension (effectively a termination) of Plaintiff's employment based on her national origin, and in retaliation for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), Executive Law of the State of New York, New York State Human Rights Law § 296, et seq. ("Executive Law"), and the Administrative Code of the City of New York, New York City Human Rights Law, § 8-101, et seq. ("Administrative Code").

1

## THE PARTIES

2. Plaintiff is a 58-year old female, born in Croatia.

3. Plaintiff resides in the County of Queens, City of New York, state of New York.

4. Vornado is a foreign business corporation organized under the laws of the State of Maryland, authorized to transact business in the State of New.

5. Vornado has a New York Department of State ID # 1764592.

6. Upon information and belief, Vornado has a principal place of business at 11 Penn Plaza, New York, NY 10001.

7. At all relevant times, Vornado was and is an employer within the meaning of Title VII, the Executive Law, and the Administrative Code.

8. BMS is a foreign limited liability company, organized in the state of Delaware, and authorized to transact business under the laws of the State of New York.

9. BMS has a New York Department of State ID # 2362205.

10. Upon information and belief, BMS has a principal place of business at 595 Madison Avenue, New York, NY 10022.

11. At all relevant times, BMS was and is an employer within the meaning of Title VII, the Executive Law, and the Administrative Code.

12. Upon information and belief, Defendant 280 Park is an office building located at 280 Park Avenue, New York, NY 10017.

13. 280 Park is a foreign limited liability company, organized in the state of Delaware, and authorized to transact business under the laws of the State of New York.

14. At all relevant times, 280 Park was jointly owned by Vornado.

15. 280 Park has New York Department of State ID # 3533440.


16. Vornado owns real to you throughout the metropolitan area.

17. Vornado has an ownership interest in the entity which owns 280 Park.

18. Corporate Defendants are joint employers as they acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

19. Upon information and belief, Kreshnik Rama is an individual who resides in Queens County, New York.

20. Upon information and belief, Kreshnik Rama resides at 4014 62nd St. Apt. 1J Woodside, NY 11377-4943.

21. At all relevant times, Rama was a Supervisor employed by all Corporate Defendants.

22. At all relevant times, Rama was a decision-maker with the power to hire and fire certain employees, including Plaintiff.

23. Therefore, Plaintiff was effectively employed by all Defendants.

## PROCEDURAL BACKGROUND

24. On or about July 22, 2013, November 11, 2014, and November 11, 2014, Plaintiff timely filed three (3) timely charges of discrimination, charge nos. 520-2013-02401 (against Vornado and BMS), 520-2015-00276 (against Vornado and BMS), and 520-2015-00277 (against 280 Park), respectively, with the U.S. Equal Employment Opportunity Commission ("EEOC"), in which she alleged, *inter alia*, that Defendants discriminated against her on the basis of her national origin (Croatian), and in retaliation for her complaints about discrimination, including, but not limited to, the first EEOC charge.

a. On or about March 19, 2015 the EEOC issued Plaintiff three (3) Notices of Right to Sue for charge nos. 520-2013-02401, 520-2015-00276, and 520-2015-00277;

b. The instant action is timely because it is initiated within ninety (90) days of Plaintiff's receipt of the aforementioned Notices of Right to Sue; and

c. Plaintiff has exhausted her federal administrative remedies concerning the allegations of this Complaint.

## JURISDICTION and VENUE

25. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

26. This Court has supplemental (pendent) jurisdiction over Plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a).

27. The New York State and New York City discrimination claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal claims and New York State and New York City law claims form part of the same case or controversy.

28. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as events occurred in the Southern District of New York and Defendants' principal places of business are in the Southern District of New York.

29. Plaintiff is domiciled in the City of New York, County of Queens, State of New York.

30. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII.

## FACTS
### Background

31. Since 2003, Plaintiff's work location assignment has been at 280 Park Ave.

32. Plaintiff was employed at/by Vornado, BMS, and 280 Park Ave for more than three (3) years as an office cleaner, from on or about June 2, 2011 until her indefinite suspension (effectively a termination) on or about September 24, 2014.

33. At all relevant times, as a Croatian person, Plaintiff was in a minority group at Vornado, BMS, and 280 Park Ave in that she was the only Croatian employee.

34. All Defendants knew Plaintiff was Croatian.

35. In or about September of 2011, Plaintiff's former supervisor, Petrit Demaj, added extra floors to her already heavy workload.

36. On or about January 19, 2012, Mr. Demaj sent Plaintiff a false warning letter.

37. In or about January of 2012, Defendants reassigned Plaintiff's seniority number to an ethnic Albanian coworker, while requiring Plaintiff to use another coworker's seniority number and identification, which made access to buildings and floors very difficult.

38. In or about February 2012, Mr. Demaj took Plaintiff's Building ID away from her and assigned her another worker's access card and schedule. After a short time, this made Plaintiff unable to access the building due to lobby security.

39. In or about April 2012, Leka Zadrima (a foreman) and Kreshnik Rama (Plaintiff's supervisor), both ethnic Albanians, began harassing Plaintiff.

40. On or about April 27, 2012, Rama threatened Plaintiff with a warning, "You are pushing too much. It could be worse."

41. On or about May 7, 2012, Rama sent Plaintiff another false warning letter, which was later removed from Plaintiff's personnel file.

42. On or about October 17, 2012, Rama physically yanked Plaintiff's duster out of her hand to show her how to clean the dust. He then ordered her to dust every single floor every day on top of her already heavy workload.

43. On or about October 25, 2012, Plaintiff filed a grievance report for harassment against Rama.

44. Upon information and belief, Rama was hiding the new employment positions when they became available so Plaintiff could not apply for same.

45. On or about November 12, 2012, Plaintiff filed a grievance report that Rama was hiding the new employment positions when they became available.

46. On or about February 1, 2013, Plaintiff's union representatives sent her harassment letter to BMS.

47. Defendants abruptly and repeatedly changed Plaintiff's work assignments and routines, including, but not limited to, on March 21, 2013, November 26, 2013, and January 28, 2014.

48. For all of the aforementioned changes in Plaintiff's work assignments and routines, Kreshnik Rama took away Plaintiff's floors and awarded same to Albanian co-workers: Eldina Kolasinac, Sibe Smailovic, and Soka Mehmedova.

49. Defendants repeatedly denied Plaintiff supplies necessary to perform her job.

50. Plaintiff's co-workers, non-Croatians, were provided with supplies necessary to perform their jobs.

51. On or about March 18, 2013, Rama took away Plaintiff's 28th floor and added more bathrooms.

52. On or about March 18, 2013, Rama ordered Plaintiff to open the doors for other workers to waste Plaintiff's time so that she could not finish her job duties on time.

53. On or about March 21, 2013, Plaintiff filed a grievance that Rama had arbitrarily changed her working routine.

54. In or about April or May of 2013, Plaintiff was not notified of an open position that she was qualified for, and a coworker with less seniority than Plaintiff was assigned this position.

55. On or about June 3, 2013, Plaintiff filed a grievance due to the aforementioned non-notification of the open position. This grievance was also filed because Kreshnik Rama took away Plaintiff's floors and awarded same to Albanian co-workers: Eldina Kolasinac, Sibe Smailovic, and Soka Mehmedova.

56. On or about June 3, 2013, shortly after this grievance was filed, Leka Zadrima refused to provide Plaintiff with supplies necessary to do her job.

57. On or about June 4, 2013, Rama and Zadrima came to harass Plaintiff. Rama said, "I had enough of you. I will send you home next time. This is Eldina's (Kolasinac) position, not your position. I do not need to show you nothing and tell you nothing. You need to do dusting from top to bottom in every single bathroom, on every single floor, every single day."

58. On or about August 14, 2013, Plaintiff's schedule was changed again, making it her fifth (5th) schedule change.

59. With this new schedule, Plaintiff was still working under Eldina Kolasinac's schedule and with her Access Card.

60. From on or about December 9, 2013 to January 27, 2014, because Plaintiff did not have full access to the 28th floor, she had to call Zadrima every day to come and open the door for her.

61. On or about the week of September 11, 2014, Rama refused to properly supply Plaintiff with the garbage bags necessary to complete her job.

### Plaintiff's Indefinite Suspension and Effective Termination

62. Plaintiff repeatedly grieved the aforementioned discriminatory actions to her union, including, but not limited to, complaints of discrimination because of her national origin (Croatian).

63. Plaintiff was retaliated against by her supervisors with the aforementioned discriminatory actions for having made these complaints and for filing an EEOC complaint.

64. On or about September 24, 2014, Kreshnik Rama falsified evidence against Plaintiff, had Plaintiff removed from the building, and indefinitely suspended Plaintiff, effectively terminating her employment.

65. Upon her suspension, Plaintiff was given a pretextual reason for her suspension – that she "stole" a bottle of Windex window cleaner, which was a knowingly false statement.

66. On or about September 25, 2014, because she had been indefinitely suspended, Plaintiff was effectively discharged by Defendants.

67. The true reasons for Plaintiff's suspension and termination were, in whole or in part, due to discrimination because of her national origin (Croatian), and, in whole or in part, in retaliation for her filing an EEOC complaint complaining about such discrimination.

68. The aforementioned discriminatory actions did not happen to any of the non-Croatian employees of Defendants.

69. Plaintiff has still not been able to find employment since her termination, despite trying diligently.

70. Due to all of the aforementioned events, Plaintiff has suffered irreparable injury and monetary damages, has developed eczema and suffered from emotional distress, and is entitled

8

to punitive damages, costs, and attorneys' fees, and any other relief this Court may find just and proper.

## FIRST CAUSE OF ACTION
### Discrimination Based Upon National Origin (Croatian) in Violation of Title VII, 42 U.S.C. 2000 et seq.
### (As Against Corporate Defendants)

71. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

72. At all relevant times, BMS and 280 Park were an "employer" within the meaning of Title VII, because such entity had more than fifteen (15) employees.

73. Defendants discriminated against Plaintiff, in whole or in part, on the basis of her National Origin (Croatian) in violation of Title VII by treating her differently from and less favorably than similarly situated employees, subjecting her to disparate working conditions and other disparate terms and conditions, and eventually indefinitely suspending (thus, effectively terminating) her employment.

74. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief, including attorneys' fees and expenses.

75. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression and humiliation, embarrassment, and degradation in front of BMS personnel.

76. The Defendants caused Plaintiff a tremendous amount of unnecessary stress, anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of compensatory and monetary damages and other relief.

77. The Defendants' discriminatory actions in violation of Title VII were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

78. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, costs, and attorneys' fees, and any other relief this Court may find just and proper.

## SECOND CAUSE OF ACTION
**Discrimination Based Upon National Origin (Croatian)
in Violation of New York State Human Rights Law
(Pendent Jurisdiction)
(As Against all Defendants)**

79. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

80. Defendants discriminated against Plaintiff, in whole or in part, on the basis of her national origin (Croatian) in violation of the New York State Human Rights Law by treating her differently from and less favorably than similarly situated employees who were not Croatian, subjecting her to disparate working conditions and other disparate terms and conditions, and effectively terminating her employment because of her national origin.

81. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer

monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief, including attorneys' fees and expenses.

82. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

83. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, costs, and attorneys' fees, and any other relief this Court may find just and proper.

### THIRD CAUSE OF ACTION
**Discrimination Based Upon National Origin (Croatian)
in Violation of New York City Human Rights Law
(Pendent Jurisdiction)
(As Against all Defendants)**

84. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

85. Defendants discriminated against Plaintiff, in whole or in part, on the basis of her national origin (Croatian) in violation of the New York City Human Rights Law by treating her differently from and less favorably than similarly situated employees who were not Croatian, subjecting her to disparate working conditions and other disparate terms and conditions, and terminating her employment because of her national origin.

86. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer

monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief, including attorneys' fees and expenses.

87. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

88. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, costs, and attorneys' fees, and any other relief this Court may find just and proper.

## FOURTH CAUSE OF ACTION
### Retaliation in Violation of Title VII, 42 U.S.C. 2000 et seq.
### (As Against Corporate Defendants)

89. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

90. Defendants retaliated against Plaintiff, in whole or in part, because she complained and filed an EEOC complaint by indefinitely suspending, and thus, effectively terminating her employment, in violation of Title VII.

91. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief, including attorneys' fees and expenses.

92. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression and humiliation, embarrassment, and degradation in front of BMS personnel.

93. The Defendants caused Plaintiff a tremendous amount of unnecessary stress, anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of compensatory and monetary damages and other relief.

94. The Defendants' retaliatory actions in violation of Title VII were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

95. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, costs, and attorneys' fees, and any other relief this Court may find just and proper.

### FIFTH CAUSE OF ACTION
**Retaliation in Violation of New York State Human Rights Law**
**(Pendent Jurisdiction)**
**(As Against all Defendants)**

96. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

97. Defendants retaliated against Plaintiff, in whole or in part, because she complained and filed an EEOC complaint by indefinitely suspending, and thus, effectively terminating her employment, in violation of the New York State Human Rights Law.

98. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief, including attorneys' fees and expenses.

99. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

100. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, costs, and attorneys' fees, and any other relief this Court may find just and proper.

### SIXTH CAUSE OF ACTION
**Retaliation in Violation of New York City Human Rights Law**
**(Pendent Jurisdiction)**
**(As Against all Defendants)**

101. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

102. Defendants retaliated against Plaintiff, in whole or in part, because she complained and filed an EEOC complaint by indefinitely suspending, and thus, effectively terminating her employment, in violation of the New York City Human Rights Law

103. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income,

compensation, and benefits, for which she is entitled to an award of monetary damages and other relief, including attorneys' fees and expenses.

104.   As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

105.   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, costs, and attorneys' fees, and any other relief this Court may find just and proper.

**WHEREFORE,** Plaintiff hereby demands a trial by jury on issues of fact and damages stated in this Complaint, and on any amended complaint filed in this action and as allowed under the Constitution and laws of the United States.

Dated: New York, New York
       June 16, 2015

                                    Yours, etc.
                                    BALLON STOLL BADER & NADER, P.C.

                            By:     _____
                                    Marshall B. Bellovin, Esq. (MB 5508)
                                    Evan E. Richards, Esq. (ER 8382)
                                    *Attorneys for Plaintiff Jadranka Begonja*
                                    729 Seventh Avenue, 17th Floor
                                    New York, New York 10019
                                    212-575-7900
                                    File No. 19977.001

VORNADO REALTY TRUST
(VIA NY SECRETARY OF STATE)
210 ROUTE 4 EAST
PARAMUS, NEW JERSEY, 07652

BROADWAY 280 PARK FEE LLC
(VIA NY SECRETARY OF STATE)

C/O NATIONAL REGISTERED AGENTS, INC.
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

BUILDING MAINTENANCE SERVICE LLC
(VIA NY SECRETARY OF STATE)
ELEVEN PENN PLAZA
NEW YORK, NEW YORK, 10121

KRESHNIK RAMA
4014 62ND ST. APT. 1J
WOODSIDE, NY 11377-4943