UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JADRANKA BEGONJA,

                              Plaintiff,

-v-

VORNADO REALTY TRUST ET AL,

                              Defendants.

15 Civ. 4665 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Jadranka Begonja ("Begonja") brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), Executive Law of the State of New York, New York State Human Rights Law § 296, *et seq.* ("NYSHRL"), and the Administrative Code of the City of New York, New York City Human Rights Law, § 8-101, et seq. ("NYCHRL"). She alleged that she was discriminated against and later terminated from her job as an office cleaner based upon her Croatian national origin and as retaliation for having filed a complaint with the EEOC. Dkt. 1. On January 29, 2016, the Court referred Begonja's claims to arbitration, based upon a mandatory arbitration clause in an applicable collective bargaining agreement. Dkt. 33. The Court stayed this case pending arbitration. *Id.* Since that date, Begonja has failed to prosecute an arbitration. On the basis of Begonja's refusal to comply with the court's referral order for more than five years, defendants have filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the following reasons, the Court grants that motion.

I.  **Procedural History**

   A.  **Failure to Pursue Arbitration with Pursuant to the Court's January 29, 2016 Order**

The Court set out the history of this litigation in detail in its January 29, 2016 Order staying the case pending arbitration. *See* Dkt. 33. The Court reviews here only the history necessary to give context to the present motion.[1]

On March 27, 2017, Begonja retained new counsel, Rudy Dermesropian ("Dermesropian"). Thereafter, defendants' counsel and Dermesropian engaged in email and verbal exchanges about the arbitration process, which included a "large number" of questions from Begonja. Weinberg Aff. ¶ 5. Eventually, on April 5, 2017, Begonja posed these questions to the Court. Dkt. 45. On April 12, 2017, the Court issued an order stating "Begonja is required to pursue her claims first through the relevant mediation process. This Court . . . reminds counsel that it is not ultimately the forum of the parties' disputes arising under the agreement. Any such disputes are to be resolved by the arbitrator." Dkt. 46.

On September 14, 2017, the parties scheduled a required pre-arbitration mediation hearing. Weinberg Aff. ¶ 3. Dermesropian appeared, but told the mediator and defendants' counsel that Begonja refused to appear and would not participate in the mediation. *Id.* Although mediation was a required step, defendants agreed to waive mediation and proceed to arbitration. *Id.*

The arbitration protocol called for selecting a mutually agreeable arbitrator from a list; when the parties were unable to agree they literally pulled a named out of a hat, and chose Al

---

[1] These facts are drawn from the docket record and the reply affidavit of Harry Weinberg in Support of the Motion to Dismiss, Dkt. 65 ("Weinberg Aff."). The Court does not rely on Weinberg's recitation of events as a basis for its finding that Begonja's failure to initiate the arbitration warrants dismissal, but the Court includes it here for the helpful context it provides.

2

Feliu ("Feliu"), a New York-based labor and employment attorney. *Id.* Feliu commenced the arbitration process in April 2018. *Id.*

The first step of that process required that the parties enter an agreement governing the arbitration. *Id.* ¶ 6. Feliu sent the parties an agreement, which defendants signed. *Id.* Feliu also issued a scheduling order with dates for filing a statement of claim and conducting discovery. *Id.* After numerous communications with defendants' counsel and Feliu, Dermesropian did not sign the agreement. *Id.* In July 2018, Feliu inquired into the status of the matter. *Id.* Defendants' counsel indicated that he would be willing to provide Begonja with three additional weeks to comply with Feliu's discovery directive. *Id.*

On August 21, 2018, Dermesropian requested permission from the Court to withdraw as Begonja's counsel. *Id.* ¶ 7. Between that date and February 6, 2019, when the Court stated that it would grant Dermesropian's request, Dermesropian took no further action to prosecute the arbitration. *Id.*; *see also* Dkt. 51 (stating that it would grant motion to withdraw upon submission of motion papers); Dkt. 53 (order of February 6, 2019, granting motion).

The Court's February 6, 2019 order recognized that "Ms. Begonja [has] ample time to find successor counsel for proceedings in this Court, if any," as "this case [was] stayed pending the outcome of binding arbitration." Dkt. 51. Since that time, neither Begonja nor any attorney has contacted defendants or Feliu to prosecute the arbitration. Weinberg Aff. ¶ 8.

On January 21, 2021, the Court received a letter from defendants seeking the Court's permission to file a motion to dismiss based on Federal Rule 41(b). Dkt. 54. The letter stated that at no time since the Court's January 29, 2016 order had Begonja or any attorney on her behalf taken any steps to commence mediation or arbitration. *Id.* The Court granted leave to file a motion to dismiss by February 4, 2021. Dkt. 55.

3

On February 2, 2021, defendants filed a motion to dismiss for Begonja's failure to prosecute pursuant to Rule 41(b), and an affidavit and memorandum of law in support thereof. Dkts. 56–57. On February 3, 2021, the Court directed that Begonja's opposition would be due on March 3, 2021, and that defendant's reply would be due on March 17, 2021. On February 4, 2021, defendants' papers were served on Begonja. Dkts. 60, 61.

On February 9, 2021, the Court received a letter from Begonja "asking the Court to return [her] case back to the Federal Court[.]" Dkt. 62. Begonja's letter detailed the breakdown of her and Dermesropian's relationship, but did not address her longstanding failure to prosecute the arbitration, including since the breakdown of that relationship. On February 12, 2021, the Court issued an order stating that it would construe Begonja's letter as her opposition to the motion to dismiss. Dkt. 63.

On March 16, 2021, the Court received a reply affidavit from Harry Weinberg in support of the motion to dismiss. Dkt. 65.

## II.  Discussion

### A.  Legal Standards

Rule 41(b) permits a district court to dismiss an action for failure to prosecute. Although the language of Rule 41(b) is permissive and merely authorizes a motion by defendants, a court may dismiss a case pursuant to Rule 41(b) *sua sponte*. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit has made clear that dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). "Nonetheless, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell*, 682 F.2d at 42. When

considering whether to impose such a remedy, courts must consider the following five, non-dispositive factors: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). In weighing the fifth factor, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

### B. Analysis

Applying the five factors set out in *Drake*, the Court finds that Begonja's years-long failure to initiate the arbitration as directed warrants dismissal of this case for failure to prosecute.

First, Begonja's failure to prosecute has significantly delayed this lawsuit. The Court's order requiring Begonja to first pursue her claims in arbitration was issued in January 2016. Begonja was scheduled to attend a pre-arbitration mediation on September 14, 2017, but refused to attend. Weinberg Aff. ¶ 3. She thereafter refused to participate in additional aspects of the arbitration, and has not taken any additional steps to prosecute her arbitration. Now, almost six years have elapsed since the Court instructed Begonja to arbitrate her claims before seeking review in this Court. The Second Circuit has explained that even "a delay of a 'matter of months' can potentially warrant dismissal." *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671,

672–73 (2d Cir. 2012) (citing *Lyell*, 682 F.2d at 43). Begonja's dilatory conduct has exceeded five years. The Court therefore finds that the first factor weighs in favor of dismissal.

Second, Begonja was amply on notice that she was required to arbitrate her claims. On January 29, 2016, the Court instructed Begonja to pursue her claims in arbitration. Dkt. 33. Thereafter, in four separate orders, the Court referred to Begonja's need to pursue arbitration before seeking review in this Court: on May 16, 2016, Dkt. 38, on June 21, 2016, Dkt. 40, on April 12, 2017, Dkt 46, and on February 6, 2019, Dkt. 51. The Court's April 12, 2017 order, in particular, made clear that questions and issues about the arbitration must first be addressed to the arbitrator. Dkt. 46 ("This Court . . . reminds counsel that it is not ultimately the forum of the parties' disputes arising under the agreement."). Begonja has failed to show good cause for refusing to arbitrate. The second factor thus also supports dismissal.

The final three factors, too, favor dismissal. The Court cannot bypass arbitration to review her claims, and this case has therefore languished on the Court's suspense docket for nearly six years. Moreover, the Court cannot fashion a lesser remedy to cure the prejudice that Begonja's refusal to initiate the arbitration imposes on defendants. The Court has already required Begonja to pursue arbitration numerous times in the preceding five years.

Accordingly, the Court dismisses this action for failure to prosecute. This dismissal is with prejudice. *See Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 119 (S.D.N.Y. 2016) ("Federal Rule of Civil Procedure 41(b) is a discretionary measure that allows courts to dismiss a case with prejudice where the 'plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . .'" (quoting Fed. R. Civ. P. 41(b)); *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013).

## CONCLUSION

For the foregoing reasons, the Court dismisses this action with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court respectfully directs the Clerk of Court to terminate the motion pending at Dkt. 56.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: November 4, 2021
      New York, New York